UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Clarence Edward Cyrus, # 95574-071,** | ) C/A No.  8:07-02720-CMC-BHH |
| Plaintiff, | ) |
| v. | ) REPORT |
| | ) AND |
| United States of America, | ) RECOMMENDATION |
| Defendant. | ) |

Clarence Edward Cyrus (Plaintiff) brings this civil action *pro se*, and he seeks declaratory relief pursuant to 28 U.S.C.§ 2201.  This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious."  § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

Under established local procedure in this judicial district, a careful review has been made of this *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents:  *Neitzke v. Williams*, 490 U.S. at 324-25; *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.1978).   This Court is required to

liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. at 97, holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980).

The *pro se* complaint, however, is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Plaintiff is a federal inmate at Coleman USP, a facility of the United States Bureau of Prisons, located in Coleman, Florida. In 2001, Plaintiff entered a guilty plea in this Court to two counts of narcotics violations under 21 U.S.C. § 841 and § 846. *See United States v. Cyrus, et al.,* No. 4:99-cr-00221 (D.S.C. 1999). Plaintiff was sentenced to two concurrent life sentences. Plaintiff appealed, and his convictions were affirmed. *See United Sates v. Cyrus*, 58 Fed. Appx. 978 (4th Cir. 2003). Plaintiff filed a motion to

vacate/set aside his sentence under 28 U.S.C. § 2255, and summary judgment was entered for the Defendant. *See Cyrus v. United States*, No. 4:04-00412 (D.S.C. 2004).

Plaintiff brings this civil action requesting declarations that he wishes to use in a petition for writ of habeas corpus. Attached to the complaint are a petition for habeas corpus pursuant to 28 U.S.C. § 2241 and a Motion to Hold in Abeyance that Plaintiff indicates is intended to be filed in the United States District Court for the Middle District of Florida. (*See* Docket Entry 1-4; Docket Entry 1-5.) In this Complaint, Plaintiff specifically seeks the following declarations:

- a. that the Fifth and Sixth Amendment due process provisions of the Federal Constitution do not at all, in any way, shape, form, or fashion, apply to Petitioner, and;
- b. that this Honorable Court can order electroconvulsive therapy for the Petitioner, without any due consideration and review and thorough assessment of the medical risks, when it is a medical fact and certainty that electroconvulsive therapy causes severe retrograde amnesia and a severe inability to learn new things, and;
- c. that this Honorable Court can see to it that it/an order for electroconvulsive therapy is enforced and executed by the Federal Bureau of Prisons, even though Petitioner was never afforded the administrative hearing prescribed in 28 C.F.R. § 549.43, in total violation of Petitioner's due process rights, guaranteed by the Fifth and Sixth Amendments of the Federal Constitution; and
- d. that this Honorable Court can interpret the Petitioner's exhibition of the symptoms of severe retrograde amnesia and a severe inability to learn new things, as the Petitioner's feigning, faking and malingering, without ordering a trained, unbiased doctor to determine the exact cause of the Petitioner's exhibition of these symptoms of behavior; and
- e. that this Honorable Court can accept a plea of guilty from Petitioner even though Petitioner stated clearly on the record that he did not understand what he was doing in court - at the plea hearing - nor did he remember ever signing a plea agreement, and;
- f. that this Honorable Court can state with medical certainty that its order for electroconvulsive therapy and the execution of its

        order did not cause severe retrograde amnesia and a severe learning inability within Petitioner's brain and psyche, thus rendering Petitioner severely incompetent; and

g. that even though Petitioner may have suffered adverse, harmful, neurological and psychological effects from the electroconvulsive therapy as described above in subparagraph "f", that this Honorable Court still was in the constitutional right by deeming Petitioner competent to enter into a contractual agreement with the United States Government without determining the cause of Petitioner's odd psychiatric behavior;

h. that this Honorable Court did not, in any way, via its order for electroconvulsive therapy and the execution of this order, contribute to the mental deficiency and incompetency of the Petitioner.

(Compl. at 3-4) (quoted from original without alteration). It is clear from the declarations sought by Plaintiff that he is challenging his competency to enter a guilty plea, and therefore, the constitutionality of his convictions and sentences.

      Rule 57 of the Federal Rules of Civil Procedure states that resort to the Declaratory Judgment Act may be made, where appropriate, even though another adequate remedy exists. However, the Supreme Court has stated that declaratory judgment is not appropriate where special statutory proceedings have been provided. *Katzenbach v. McClung*, 379 U.S. 294 (1964). "Sections 2241 and 2255 of Title 28 U.S.C. are special statutory provisions that empower a prisoner in custody to attack collaterally his conviction, sentence, and incarceration." *Clausell v. Turner*, 295 F. Supp. 533 (S.D.N.Y. 1969). Because there are special statutory provisions provided to seek habeas relief, this complaint seeking declaratory judgment should be dismissed. "Where habeas corpus is an available remedy, it becomes unnecessary to consider whether declaratory relief may be granted." *Pruitt v. Campbell*, 429 F.2d 642, 645 (4th Cir. 1970) (citations omitted).

Habeas corpus is the proper vehicle for a federal prisoner seeking relief from his federal convictions or challenging the execution of his federal sentence. *See* 28 U.S.C. §§ 2241, 2255; *In re Jones*, 226 F.3d 328, 332-33 (4th Cir. 2000). Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997).

In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners. When a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention, § 2241 remains an option as a remedy. *See In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). However, the fact that Plaintiff already has filed a § 2255 motion and a subsequent motion would be successive does not render the § 2255 remedy inadequate or ineffective.

According to at least one court, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir.1994). A petition for habeas corpus under § 2241, in contrast, is the remedy to challenge federal confinement that is not pursuant to a sentence of a federal court, the unlawful execution of a valid sentence, or confinement beyond its term. *See Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991).

Plaintiff is not entitled to declaratory relief because of the special provisions of the habeas statutes. The relief Plaintiff seeks is properly pursued in a habeas action. If

Plaintiff seeks habeas relief pursuant to 28 U.S.C. § 2241, he must do so in the District having jurisdiction over his custodian. If Plaintiff seeks habeas relief pursuant to 28 U.S.C. § 2255, he must obtain authorization from the United States Court of Appeals for the Fourth Circuit to file a second or successive habeas application. 28 U.S.C. §§ 2255; 2244(b)(3).

## Recommendation

Accordingly, it is recommended that this complaint be dismissed *without prejudice* and without issuance and service of process. **The plaintiff's attention is directed to the important notice on the next page.**

s/Bruce Howe Hendricks
United States Magistrate Judge

August 22, 2007
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).